IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SOMONIA WILLIAMS**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3-07-CV-1255-L** |
| | § | |
| **JOHN E. POTTER, POSTMASTER** | § | |
| **GENERAL, UNITED STATES** | § | |
| **POSTAL SERVICE,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss Plaintiff's Complaint, filed September 17, 2007. After careful consideration of the motion, response, reply, record, and applicable law, the court **grants** Defendant's Motion to Dismiss Plaintiff's Complaint.

## I. Factual and Procedural Background

Plaintiff Somonia Williams ("Plaintiff" or "Williams") filed this action on July 16, 2007 against Defendant John E. Potter ("Potter"), Postmaster General, United States Postal Service ("USPS"). The Original Complaint asserted claims of disability discrimination pursuant to the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791. Williams sought declaratory relief, injunctive relief, damages, and other legal and equitable relief.

Williams's claim arises out of her employment with the USPS. She was on leave without pay ("LWOP") status after the USPS denied her request on March 12, 2004 for an accommodation to change her shift. Plaintiff sought an accommodation due to her medical needs related to her lupus. Subsequently, on May 26, 2005, she received a letter indicating that her medical insurance would terminate on June 2, 2005 because her LWOP status exceeded 365 days. To avoid losing her

health insurance, Plaintiff requested an accommodation for temporary employment for ninety days. USPS denied this request on June 13, 2005 and July 6, 2005. Williams asserts that when she lost her medical insurance, she was unable to treat her lupus and suffered a flare-up. Consequently, she alleges that her "body and face were ravaged by Lupus," and she suffered "intense physical pain" and a "painful rash across her face." Pl.'s Resp. to Def.'s Mot. to Dismiss (hereinafter, "Pl.'s Resp.") ¶ 27. Plaintiff seeks damages for her pain and suffering, which she alleges were a direct result of USPS's denial of her request for accommodation to keep her medical insurance.

Williams sought administrative review of both decisions by USPS. She filed an Equal Employment Opportunity ("EEO") action against Potter based on the March 12, 2004 denial of the request to change her schedule from the night shift to the day shift. She pursued her claim before the Equal Employment Opportunity Commission ("EEOC"), and on November 11, 2005, Administrative Law Judge Veronica A. Cuadra ("Judge Cuadra") rendered a decision, finding that Plaintiff was disabled within the meaning of the Rehabilitation Act. Judge Cuadra also held that the refusal to accommodate Williams's request on March 12, 2004 violated the Rehabilitation Act. The ALJ ordered USPS to reinstate Plaintiff by reassigning her to the day shift, and granted monetary damages in the form of back pay with interest, benefits starting from March 12, 2004 to the day of her reinstatement, $15,000 in compensatory damages, $647.69 in pecuniary damages, and attorney's fees and costs.

While Plaintiff's EEO action was pending before Judge Cuadra, she received the notice that her medical insurance would terminate. At that time, Williams alleges that she personally contacted Judge Cuadra, informed her that USPS denied her subsequent requests for a temporary accommodation, and asked her to consider awarding additional damages. Williams states that Judge Cuadra advised her that she needed to file a new EEO action on the subsequent refusal since the

**Memorandum Opinion and Order – Page 2**

record before her was already closed. Accordingly, Plaintiff filed a second EEO action on September 20, 2005 for USPS's decision of June 13, 2005 and July 6, 2005 to deny her request for a temporary accommodation. This second action was dismissed by Administrative Law Judge Evelyn R. Maiben ("Judge Maiben") on June 30, 2006 because Williams's first case against USPS involved the same issue, and therefore the second suit was moot. Plaintiff appealed Judge Maiben's decision to EEOC's Office of Federal Operations ("OFO"), which affirmed the decision on April 12, 2007.

## II.     Rule 12(b)(6) - Standard for Dismissal for Failure to State a Claim

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1974 (2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,

498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III. Discussion

### A. Introduction

On September 17, 2007, Potter moved to dismiss Williams's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. At that time, the live pleading was Plaintiff's Original Complaint. Williams filed a response to the motion on October 26, 2007, and Potter replied on November 2, 2007. While the motion to dismiss was pending, Plaintiff sought – and was granted – leave to amend and filed her First Amended Complaint on November 6, 2007. The court first considers whether the motion to dismiss is now moot because Plaintiff has filed an amended complaint. As Wright, Miller, and Kane have noted:

> Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original

> motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading . . . . To hold otherwise would be to exalt form over substance.

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 6 Fed. Prac. & Proc. Civ. 2d § 1476. Williams sought leave to amend her complaint to clarify her factual allegations, but she did not allege any new causes of action. The court granted the motion for leave to amend on October 31, 2007 and ordered Plaintiff to file her amended complaint within three business days of the order. Defendant's reply, filed on November 2, 2007, recognized that the court had granted Plaintiff leave to amend and directed its arguments to Plaintiff's First Amended Complaint. Def.'s Reply 1 n.1. Moreover, Defendant, in his reply, contends that the arguments set forth in the motion to dismiss apply equally to Plaintiff's First Amended Complaint and that the amendment did not moot the motion. *Id.* Accordingly, the court determines that the motion to dismiss is not moot. The court therefore considers the motion to dismiss in light of the allegations in Williams's First Amended Complaint.

### B. Parties' Contentions

Potter argues that Williams's claim is barred because she only seeks a partial review of the EEOC decisions. Defendant relies on *Massingill v. Nicholson,* 496 F.3d 382 (5th Cir. 2007), and contends that Williams seeks to appeal only the damages portion of Judge Cuadra's decision, rather than appeal both damages and liability. Potter states, "Because Ms. Williams has not put the liability of the Postal Service in issue, she has failed to state a claim upon which relief may be granted and her claim should be dismissed." Def.'s Mot. to Dismiss (hereinafter, "Mot. to Dismiss") 19.

Potter also contests the timeliness of Williams's action, stating that her complaint was filed more than ninety days from the date of the Notice of Final action issued on April 6, 2006. Potter

alleges that Williams's cause of action accrued when her initial request to change shifts was denied on March 12, 2004, and that a new cause of action did not arise when Williams's subsequent request to maintain insurance was denied on June 13, 2005 and July 6, 2005. Potter relies on the Third Circuit's holding in *Zdziech v. DaimlerChrysler Corp.* that "repeated refusal of an employer to reinstate an employee to a formerly held position, however, does not give rise to a new claim of discrimination." 114 Fed. Appx. 469, 471 (3rd Cir. 2004).

In response, Williams counters that she is not appealing any part of Judge Cuadra's ruling, and her action is timely. Plaintiff contends that USPS's denials of her requests on June 13, 2005 and July 6, 2005 constitute a "separate act of discrimination" and are the basis of her complaint. Pl.'s Resp. ¶ 26. Williams argues that following the closure of the record before Judge Cuadra, "a new cause of action arose" because she made a subsequent request for accommodation. *Id*. ¶ 31. She alleges that she is entitled to additional damages beyond those awarded by Judge Cuadra for the pain she suffered when her insurance terminated. She contends that USPS "seeks to have this new claim dismissed solely upon the fact that the Plaintiff received back pay during the time that the second claim occurred." *Id.* ¶ 25. Citing *Thomas v. Washington Gas Light Co.*, 448 U.S. 261, 283 (1980), Plaintiff argues that she may bring a second cause of action that arises from the same facts of a previous action when the court's limited authority prevented it from adjudicating "multiple theories or demands for multiple remedies or forms of relief in a single action." *Id.* ¶ 29 (internal quotations omitted). In this case, Williams states that her "new cause of action did not arise from the same set of facts but was generated by the loss of medical insurance which required her to work a minimum of ninety (90) days to retain medical insurance." *Id*.

## C. Analysis

### 1. Partial review of EEOC findings

In *Massingill*, the court held that once a federal employee has exhausted her administrative remedies, she is limited to either: "a suit to enforce the final administrative disposition, in which the court examines only whether the agency has complied with the disposition, or *de novo* review of the disposition." 496 F.3d at 384. The court held that federal employees seeking *de novo* review of EEOC findings are prohibited from challenging only part of an EEOC decision. *Id*. The district court in *Massingill* construed plaintiff's complaint as requesting a partial trial on damages and granted defendant employer's request for summary judgment. *Id*. The Fifth Circuit affirmed that federal employees cannot appeal a damages award without appealing their entire case, but reversed the district court because it construed plaintiff's complaint as requesting a *de novo* review of both liability and damages. *Id*. at 386.

Plaintiff argues that she is not appealing the damages award but is asserting a new claim for additional damages caused by losing her medical insurance. Williams's argument entirely ignores her second EEO action as she argues that this claim "has not been adjudicated." Pl.'s Resp. ¶ 14. Even if a new cause of action accrued in June and July 2005, Plaintiff filed a complaint with the EEOC, received a negative decision, and appealed that decision to the OFO. Williams now asks the court to accept parts of Judge Cuadra's ruling, namely the finding of liability, and simply award her additional damages. Plaintiff states: "It is established that Plaintiff is disabled." Pl.'s First Am. Compl. ¶ 22. She also states, "Although the Plaintiff was given back pay . . . the Plaintiff's compensatory damages resulting from the refusal of the Postal Service on June 11, 2005 and July 6, 2005 . . . has not been adjudicated." *Id*. ¶ 21. Plaintiff further argues that her requests in June and July 2005 for an accommodation to maintain her medical insurance constituted an independent

discriminatory act from Defendant's denial of Plaintiff's request on March 12, 2004. For this reason, Plaintiff asserts, she is entitled to additional damages to compensate her for the period she was uninsured; however, at the same time, she requests the court not to disturb the EEOC's liability findings.

The court need not determine whether Plaintiff's requests in June and July 2005 constitute independent discriminatory acts, because it concludes that *Massingill* bars Plaintiff's attempt to seek only a partial review of the EEOC's findings. Unlike the plaintiff in *Massingill,* Williams clearly does not wish to disturb Judge Cuadra's findings that she is disabled and the that the USPS violated the Rehabilitation Act. Moreover, Plaintiff is not entitled to any additional damages because the damages she now seeks were part of the award she received; Williams received reinstatement to the day shift, back pay with interest, benefits, $15,000 in compensatory damages, pecuniary damages and attorney's fees.

In *Massingill,* the court does not specify whether a dismissal for seeking partial review of an agency decision would be for lack of jurisdiction or for failure to state a claim upon which relief can be granted. Defendant argues that such a dismissal is proper pursuant to Rule 12(b)(6), and cites cases from the Fourth and District of Columbia Circuits in support. *Laber v. Harvey*, 438 F.3d 404, 424-426 (4th Cir. 2006); *Scott v. Johanns*, 409 F.3d 466, 469 (D.C. Cir. 2005). As the *Massingill* court explicitly embraced the reasoning in *Scott*, 496 F.3d at 385, the court concludes that Plaintiff has failed to state a claim upon which relief can be granted because she seeks only a partial review of the EEOC determinations.

### 2.    Timeliness[1]

Even if *Massingill* does not warrant dismissal of Williams's complaint, her claim is barred as untimely.  Regardless of which USPS decision she contests, her complaint was filed beyond the limitations period.  The Rehabilitation Act of 1973 does not provide a deadline for filing cases, but the deadlines under Title VII apply.  29 U.S.C. § 794a(a)(1); *see also Sanchez v. Henderson*, 167 F.3d 537, 1998 WL 915379, *2 n.8 (5th Cir. 1998).  Under Title VII, federal employees have ninety days to file a claim with the district court after the receipt of a final administrative decision.  42 U.S.C. § 2000e-5(f)(1); *Espinoza v. Missouri Pacific R.R. Co.,* 754 F.2d 1247, 1248 (5th Cir. 1985). While the Fifth Circuit has not explicitly held that the ninety-day period applies to claims brought pursuant to the Rehabilitation Act, at least two other circuit courts have.  *Boos v. Runyon*, 201 F.3d 178, 181 (2d Cir. 2000); *Woodruff v. Peters*, 482 F.3d 521, 525 (D.C. Cir. 2007).  The court finds the reasoning of this authority sound and adopts it in this case because the Fifth Circuit requires strict compliance with the ninety-day limitations period in Title VII cases.  *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 379 (5th Cir. 2002); *see also Espinoza,* 754 F.2d at 1251 (affirming dismissal of case as untimely where the plaintiff filed his claim two days after the expiration of the ninety-day period); *Butler v. Orleans Parish School Board*, No. Civ. A. 00-0845, 2001 WL 1135616 (E.D. La. Sept. 25, 2001) (finding claim untimely where *pro se* plaintiff filed one day after limitations period expired).

---

[1] In this section, the court relies upon dates found in documents attached to Defendant's motion to dismiss, documents that were not attached to Plaintiff's complaint.  These documents relate to Plaintiff's EEOC filings and appeal, which are "referred to in [Plaintiff's] complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Accordingly, the court determines that consideration of these documents is proper.  In the alternative, the court could take judicial notice of the documents. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (citing Fed. R. Evid. 201(f)) ("[I]n deciding a motion to dismiss for failure to state a claim, . . . courts may also consider matters of which they may take judicial notice.").  Even if the court's consideration of these documents converts the motion to dismiss to a motion for summary judgment, Plaintiff also filed documents with her response to the motion to dismiss and has had an opportunity to respond; accordingly, she has not been prejudiced. *See* Fed. R. Civ. P. 12(d).

A Notice of Final Action on Judge Cuadra's findings was issued on April 6, 2006. Plaintiff did not appeal, and the ninety-day period expired on July 5, 2006. A Notice of Final Action on Judge Maiben's findings was issued on July 10, 2006. Plaintiff appealed Judge Maiben's decision to the OFO. The OFO affirmed Judge Maiben's decision on April 12, 2007 and informed Plaintiff that she had ninety days to file a claim with the district court. The ninety-day period expired on July 11, 2007. Williams did not file this case until July 16, 2007, five days after the deadline.[2] The court determines that because this action was not timely filed, it cannot proceed.

## IV.    Conclusion

For the foregoing reasons, the court concludes that because Plaintiff seeks only a partial appeal of the EEOC decisions, her claim must be dismissed for failure to state a claim. Alternately, Plaintiff's claim cannot proceed because it was not timely filed. Accordingly, the court **grants** Defendant's Motion to Dismiss Plaintiff's Complaint and **dismisses** this action **with prejudice**.

**It is so ordered** this 23rd day of April, 2008.

Sam A. Lindsay
United States District Judge

---

[2] Plaintiff does not challenge or otherwise respond to USPS's argument that her lawsuit was untimely because it was not filed within 90 days of receiving notice from the OFO.